**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEIDONG XIA, | No.   16-72173 |
| Petitioner, | Agency No. A087-727-657 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022**
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Petitioner Weidong Xia, a native and citizen of China, petitions for review of

the Board of Immigration Appeals' (BIA) decision affirming the Immigration

Judge's (IJ) adverse credibility determination and denial of his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's adverse credibility determination. For example, Xia represented in his asylum application, which he signed after being warned multiple times he was doing so under penalty of perjury, that he had resided in Monterey Park, California since 2009. When the IJ instructed him at his hearing in 2015 to review his application and update it with any changes, he did not list any other residences and added in his employment history section only that he did "massage work" in the greater Los Angeles area from 2009 to 2015. However, at his hearing Xia admitted that during the relevant period he had lived and worked in Iowa, Illinois, Indiana, Minnesota, and Northern California for extended amounts of time.

Xia asserts that there is no discrepancy in his statements because he "never actually moved his residence from Monterey Park" and he kept his mailing address at that location. This assertion does not compel reversing the BIA's adverse credibility determination. Inconsistencies concerning his residence and work history

2

are sufficient to find Xia not credible under the totality of the circumstances. *See Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) ("[M]isrepresentations of residence are relevant to [a petitioner's] credibility because they show . . . his dishonesty with the immigration court."). And we find no error in the BIA's rejection of Xia's explanation for his inconsistencies, particularly where he admitted that he spent "not that long" in California between 2009 and 2015; he spent "over a year" in Indiana; he worked in Chicago in 2011, 2012, and 2013 and got a work authorization in Illinois listing an address in that state; and spent periods of many months in numerous other locations.

Because we conclude that the BIA did not err in finding Xia not credible, and without his testimony, the record does not establish his eligibility for asylum, we need not consider whether Xia qualifies for an exception to the one-year filing requirement for asylum or whether he established that he suffered past persecution. Additionally, because Xia failed to exhaust his withholding of removal and CAT claims below,[1] we lack jurisdiction to consider these claims to the extent they are raised on appeal. *See Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir. 2004); 8 C.F.R. 1003.3(b).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**

---

[1]The BIA held that Xia waived his withholding of removal and CAT claims by failing to "meaningfully challenge" their denial. Xia does not challenge this holding on appeal.